# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 1:12-CR-** 130 **-01-** SM |
| **FREDERICK V. MCMENIMEN, III,** ) | |
| **A/K/A "RICK MCMENIMEN,"** ) | |
| ) | |
| **Defendant.** ) | |

## INDICTMENT

**The Grand Jury charges:**

## COUNTS ONE THROUGH FIVE
### 18 U.S.C. § 1341: Mail Fraud

1.     At all relevant times, the defendant,

### FREDERICK V. MCMENIMEN, III,
### A/K/A "RICK MCMENIMEN,"

held himself out as a financial consultant and financial planner.  From approximately,

September 3, 2007 to October 7, 2011, the defendant was employed as a salesman by a

nationally- known insurance and investment brokerage firm at its Portsmouth, N.H.,

branch office.

2.     Beginning in approximately October 2008, the defendant fraudulently

solicited more than $1 million in purported investments from certain financial advisory

customers.  Each of the customers was an elderly widow whose family had a long-

standing personal relationship with the defendant's wife and/or mother.  Each was

widowed, financially unsophisticated and placed great trust in the defendant to handle her

financial affairs with little or no oversight on her part.  Each of the customers resided in New Hampshire.

3.      To finance the fraudulent investments, the defendant advised both customers to liquidate existing life insurance annuities or other legitimate investments. The checks representing the proceeds of the liquidated investments – which constituted all or at least substantial portions of the life savings of each customer or inheritances that the customers had received – were delivered to the customers at their New Hampshire homes by mail or by commercial overnight delivery service.

4.      The customers deposited the proceeds into their checking accounts.  At the defendant's instruction, the customers then wrote checks payable to "PSB," which the defendant falsely led them to believe was another legitimate, safe investment vehicle that would generate a better return than the liquidated investments.  In actuality, PSB was simply a shorthand reference to a defunct retail sporting goods business, PSB Sports LLC, that the defendant had once owned and operated.  The customers handed their checks to PSB over to the defendant, usually when the defendant came to visit them at their homes.

5.      Between October 27, 2008, and October 2011, the defendant successfully induced the customers to write approximately seventeen checks payable to PSB in the aggregate approximate amount of $1,033,500.  The defendant did not invest that money as he had led his clients to believe he would and, instead, spent it for his own personal benefit.

6.      The defendant first deposited each check into one of two business checking accounts maintained in the name PSB Sports LLC.  (Many of those deposits were made at a bank branch located in Kittery, Maine.)  Generally, after depositing the checks from his customers into one of the two PSB accounts, the defendant transferred the proceeds into a nominee bank account maintained in the name of a close relative.  The defendant generally accomplished the transfer of funds to his relative's account by purchasing cashier's or treasurer's checks with funds from one of the PSB accounts and depositing those cashier's or treasurer's checks into his relative's account.

7.      At the defendant's request, his relative pre-signed one or more books of blank checks to allow the defendant easy access to the funds he had deposited to the relative's account.   From time to time, the defendant then completed a pre-signed check drawn against the relative's account and negotiated it, generally for his own personal benefit.

8.      Specifically, the defendant wrote, and typically deposited to his own personal checking account, approximately ninety-nine checks drawn against his relative's account and payable to himself.  He then used those funds to pay (1) more than $134,000 on his home mortgage; (2) $31,718 for docking and yacht utilities; (3) over $120,000 for his children's private school and college tuition; and (4) about $350,000 in credit card payments.  The transactions from which the credit card debt was derived were largely personal in nature.

9.      The defendant did not report the funds he expended for his personal benefit on either his federal income tax returns or in applications for student financial aid for his children.

10.     From on or about October 23, 2008, to in or about October 2011, in the District of New Hampshire and elsewhere, the defendant,

**FREDERICK V. MCMENIMEN, III,**
**A/K/A "RICK MCMENIMEN,"**

with the intent to defraud, devised and willfully participated in, with knowledge of its fraudulent nature the above-described scheme and artifice to defraud and to obtain money and property by materially false and fraudulent pretenses, representations, and promises.

11.     On or about the below listed dates, in the District of New Hampshire, for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud and deprive, the defendant knowingly caused to be delivered by mail and a private and commercial interstate carrier according to the direction thereon at the place at which it was directed to be delivered by the person to whom it was addressed the following matters:

| **COUNT** | **DATE** | **METHOD** | **SENDER** | **RECIPIENT** |
|---|---|---|---|---|
| **ONE** | October 7, 2008 | USPS | Fidelity & Guaranty Life Insurance Company | S.G.W. |
| **TWO** | April 14, 2010 | USPS | Aviva Life and Annuity Company | J.B. |
| **THREE** | December 17, 2010 | USPS | Aviva Life and Annuity Company | S.G.W. |
| **FOUR** | March 1, 2011 | USPS | Aviva Life and Annuity Company | S.G.W. |
| **FIVE** | June 7, 2011 | UPS | Aviva Life and Annuity Company | J.B. |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS SIX THROUGH EIGHTEEN
## 18 U.S.C. § 2314: Interstate Transportation of Goods Taken by Fraud

1.      On or about the below listed dates, in the District of New Hampshire and

elsewhere, the defendant,

### FREDERICK V. MCMENIMEN, III,
### A/K/A "RICK MCMENIMEN,"

did unlawfully transport and cause to be transported in interstate commerce from various

locations in the State of New Hampshire, to the Town of Kittery, State of Maine, the

below listed checks:

| COUNT | DATE | VALUE | PAYOR | DRAWEE BANK |
|-------|------|-------|-------|-------------|
| SIX | August 17, 2009 | $ 50,000.00 | S.G.W. | Bank of America |
| SEVEN | October 20, 2009 | $ 60,000.00 | S.G.W. | Bank of America |
| EIGHT | November 13, 2009 | $ 30,000.00 | S.G.W. | Bank of America |
| NINE | January 19, 2010 | $ 60,000.00 | S.G.W. | Bank of America |
| TEN | April 2, 2010 | $ 33,000.00 | J.B. and C.L | Anheuser Busch Employee C.U. |
| ELEVEN | April 6, 2010 | $ 60,000.00 | S.G.W. | Bank of America |
| TWELVE | April 22, 2010 | $ 28,000.00 | G. and J.B. | TD Bank |
| THIRTEEN | June 8, 2010 | $ 95,000.00 | S.G.W. | Bank of America |
| FOURTEEN | August 31, 2010 | $ 24,000.00 | J.B. and C.L. | Anheuser Busch Employee C.U. |
| FIFTEEN | November 30, 2010 | $ 49,000.00 | S.G.W. | Bank of America |
| SIXTEEN | December 31, 2010 | $ 19,500.00 | S.G.W. | Bank of America |
| SEVENTEEN | March 22, 2011 | $150,000.00 | Bank of America | Bank of America |
| EIGHTEEN | June 22, 2011 | $100,000.00 | G. and J.B. | TD Bank |

knowing that each of said checks contained at least $5,000 of funds that had been stolen,

converted, and taken by fraud.

All in violation of Title 18, United States Code, Section 2314.

## COUNTS NINETEEN THROUGH TWENTY-EIGHT
## 18 U.S.C. § 1957: Money Laundering

1.      On or about the dates set forth below, in the District of New Hampshire,

and elsewhere, the defendant,

## FREDERICK V. MCMENIMEN, III,
## A/K/A "RICK MCMENIMEN,"

did knowingly engage and attempt to engage in the following monetary transactions by

through or to a financial institution, affecting interstate or foreign commerce, in

criminally derived property of a value greater than $10,000, that is the deposit of

monetary instruments, such property having been derived from a specified unlawful

activity, that is, Mail Fraud in violation of Title 18, United States Code, Section 1341, and

Interstate Transportation of Stolen Property in violation of Title 18, United States Code,

Section 2314:

| COUNT | DATE | AMOUNT | MONETARY TRANSACTION | |
|---|---|---|---|---|
| NINETEEN | August 26, 2009 | $ 30,210.49 | deposit to Citizens Bank acct # | 4386 |
| TWENTY | September 4, 2009 | $ 37,000.00 | deposit to Citizens Bank acct # | 4386 |
| TWENTY-ONE | October 30, 2009 | $ 58,000.00 | deposit to Citizens Bank acct # | 4386 |
| TWENTY-TWO | February 22, 2010 | $ 60,000.00 | deposit to Citizens Bank acct # | 4386 |
| TWENTY-THREE | April 15, 2010 | $ 90,000.00 | deposit to Citizens Bank acct # | 4386 |
| TWENTY-FOUR | May 28, 2010 | $ 29,000.00 | deposit to Citizens Bank acct # | 4386 |
| TWENTY-FIVE | June 17, 2010 | $ 75,000.00 | deposit to Citizens Bank acct # | 4386 |
| TWENTY-SIX | December 2, 2010 | $120,000.00 | deposit to Citizens Bank acct # | 2188 |
| TWENTY-SEVEN | March 28, 2011 | $135,000.00 | deposit to Citizens Bank acct # | 4386 |
| TWENTY-EIGHT | October 28, 2011 | $100,000.00 | deposit to Citizens Bank acct # | 2188 |

All in violation of Title 18, United States Codes, Sections 1957 and 2.

**COUNT TWENTY-NINE**
**26 U.S.C. § 7201:  Federal Income Tax Evasion (2008)**

1.      On or about October 15, 2009, in the District of New Hampshire, the

defendant,

**FREDERICK V. MCMENIMEN, III,**
**A/K/A "RICK MCMENIMEN,"**

a resident of Exeter, New Hampshire, who during the calendar year 2008 was married,

did willfully attempt to evade and defeat a large part of the income tax due and owing by

him and his spouse to the United States of America for the calendar year 2008, by

preparing and causing to be prepared, and by signing and causing to be signed, a false and

fraudulent joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and

his spouse, which was filed with the Internal Revenue Service.  In that return, it was

stated that their joint taxable income for the calendar year was the sum of $61,119 and

that the amount of tax due and owing thereon was the sum of $14,772 . In fact, as he then

and there knew, their taxable income for the calendar year was substantially in excess of

the amount stated on the return, and, upon the additional taxable income, a substantial

additional tax was due and owing to the United States of America.

        In violation of Title 26, United States Code, Section 7201.

## COUNT THIRTY

## 26 U.S.C. § 7201:  Federal Income Tax Evasion (2009)

1.      On or about October 15, 2010, in the District of New Hampshire, the

defendant,

## FREDERICK V. MCMENIMEN, III,
## A/K/A "RICK MCMENIMEN,"

a resident of Exeter, New Hampshire, who during the calendar year 2009 was married,

did willfully attempt to evade and defeat a large part of the income tax due and owing by

him and his spouse to the United States of America for the calendar year 2009, by

preparing and causing to be prepared, and by signing and causing to be signed, a false and

fraudulent joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and

his spouse, which was filed with the Internal Revenue Service.  In that return, it was

stated that their joint taxable income for the calendar year was the sum of $61,458 and

that the amount of tax due and owing thereon was the sum of $16,236 . In fact, as he then

and there knew, their taxable income for the calendar year was substantially in excess of

the amount stated on the return, and, upon the additional taxable income, a substantial

additional tax was due and owing to the United States of America.

       In violation of Title 26, United States Code, Section 7201.

## COUNT THIRTY-ONE
## 26 U.S.C. § 7201:  Federal Income Tax Evasion (2010)

1.      On or about October 15, 2011, in the District of New Hampshire, the

defendant,

### FREDERICK V. MCMENIMEN, III,
### A/K/A "RICK MCMENIMEN,"

a resident of Exeter, New Hampshire, who during the calendar year 2010 was married,

did willfully attempt to evade and defeat a large part of the income tax due and owing by

him and his spouse to the United States of America for the calendar year 2010, by

preparing and causing to be prepared, and by signing and causing to be signed, a false and

fraudulent joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and

his spouse, which was filed with the Internal Revenue Service.  In that return, it was

stated that their joint taxable income for the calendar year was the sum of $45,388 and

that the amount of tax due and owing thereon was the sum of $7252 . In fact, as he then

and there knew, their taxable income for the calendar year was substantially in excess of

the amount stated on the return, and, upon the additional taxable income, a substantial

additional tax was due and owing to the United States of America.

In violation of Title 26, United States Code, Section 7201.

A TRUE BILL


<u>/s/ Foreperson</u>

October 3, 2012                                            Foreperson


       JOHN P. KACAVAS
       United States Attorney


By:    <u>/s/ William E. Morse</u>
       William E. Morse
       Assistant United States Attorney