UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____
                                              )
UNITED STATES OF AMERICA  )
                                              )   No. 12- Cr-130-01-SM
V.                                          )
                                              )
FREDERICK V. McMENIMEN III  )
_____)

### DEFENDANT'S UNOPPOSED MOTION FOR FORTHWITH RELEASE FROM CUSTODY

Defendant Frederick McMenimen III respectfully moves through counsel that the Court order that the Attorney General/Bureau of Prisons (BOP) release the defendant from FMC Butner **forthwith**, that upon his release he travel at his family's expense directly back to this district, that he return to this district not later than 24 hours from his release from FMC Butner, that he report in person to the Probation Office in Concord the next business day, and that pending further proceedings he remain subject to the conditions of pretrial release, which appear in the October 4, 2012 Order Setting Conditions of Release.  Grounds follow.

The pending indictment charges that McMenimen committed multiple counts of Mail Fraud, Interstate Transportation of Stolen Property, Money Laundering, and Federal Income Tax Evasion.  It was returned on October 3, 2012.  The next day McMenimen reported to the courthouse and was released on conditions.

On May 5, 2013 the Court heard testimony from Albert M. Drukteinis, M.D, .J.D regarding McMenimen's competency.  As requested by the defendant, the Court made no finding at that time.  He remained on release subject to conditions, which enabled him to undergo outpatient mental health treatment at Massachusetts General Hospital's Charlestown Health Care Center.  A further hearing was held on June 12, at which the Court found by a preponderance of

the evidence that McMenimen was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense.  The Court remanded him to the custody of the Attorney General for hospitalization and treatment in a suitable facility for such reasonable time, not to exceed four months, as would be necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

Beginning on June 12 McMenimen was transported and held at various correctional facilities.  On August 5  Bryon Herbel, M.D., a Staff Psychiatrist, notified counsel that McMenimen finally arrived at FMC Butner.  Thereafter Dr. Herbel conducted a forensic evaluation of the defendant and reviewed copies of documents provided by counsel for the parties, including Dr. Drukteinis' reports and treatment records from Massachusetts General Hospital.

Ar 3:36 PM on August 22, 2013 Dr. Herbel sent the following e-mail to counsel:

"Mr. Morse and Mr. Lange,

"Mr. McMenimen has been fully cooperative with all aspects of the evaluation and treatment at FMC Butner.

"His depressive symptoms are currently in remission on the current regimen of the antidepressant buproprion (Wellbutrin) 150 mg daily.  He states the medication is effective and fairly well tolerated, and he intends to continue it in the future.  He has repeatedly and emphatically denied any intent to harm himself. He also denies intent to harm others.

"He has been able to discuss relevant aspects of his legal case and discovery information in a calm and reality based manner.

"My evaluation is complete and I have completed the rough draft of my report today. This draft will undergo internal routing and review, which usually takes two weeks or so to complete.  It will then be forwarded to the court for review.  If the order was filed

under seal, the report will be released only to the court, and the parties will have to obtain their copy from the judge's clerk.  If the order was not filed under seal, the final report will be forwarded to the parties along with the court when it is completed.

"Mr. McMenimen has asked to be released directly from FMC Butner and return home under previous conditions of court supervision, rather than have prolonged confinement and eventual return to New Hampshire in U.S. Marshals custody.  His detention status is a legal issue for review by court officials.

"From a clinical perspective, there is no current contraindication to Mr. McMenimen being released from custody to routine follow-up mental health care."

Thus, Dr. Herbel has all the information he needs to finalize his report to the Court. There is no justification for McMenimen to continue to be detained in custody.  He has not been convicted of any criminal offense.  He has complied with the October 4, 2012 release order.  Dr. Herbel's e-mail indicates that McMenimen does not pose a risk to himself or others.  There is a realistic and sensible plan to return him directly to the District of New Hampshire, where he will remain subject to his conditions of release pending further proceedings in this matter.

There are at least four sound reasons for McMenimen to be released to return to this district on his own.  First, it will save the public the significant expenses of his confinement and transportation.  Second, it will free up a bed for other defendants to be evaluated and treated at FMC Butner.  Third, McMenimen, who has not been convicted of anything and who retains the presumption of innocence, should not be subjected to more of the hardships he endured between June 12 and August 4, when he was unexpectedly and suddenly deprived of direct contact with his family and friends, transported to multiple correctional facilities - including urban detention centers in Brooklyn and Philadelphia, - where he was held with hardened felons, lost personal papers and property, and had limited access to medical and psychiatric treatment.   Fourth, the sooner McMenimen returns to this district, the sooner he and his counsel can focus on preparing

his defense, which Dr. Herbel's e-mail indicates he is now able to do.

McMenimen was committed to the custody of the Attorney General/BOP pursuant to 18 U.S.C. § 4241(d). His committal was for a limited time and for a limited purpose. Pursuant to the June 12 Order, he was remanded to the custody of the Attorney General "for such reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." According to his e-mail, Dr. Herbel now has sufficient information to draft and submit to the Court a report on McMenimen's current competence. Reviewing § 4241(d), the Court of Appeals recognizes

> On the practical side, the statute is categorical in determining who shall be incarcerated, but it is much more flexible and case-oriented in determining the length of incarceration. In addition to the cap on the initial diagnosis limiting it to a maximum of four months, the statute provides that the period of incarceration is only for "such a reasonable period of time . . . as is necessary" to determine whether the defendant will attain the capacity for trial in the foreseeable future.

United States v. Filippi, 211 F.3d 649, 652 (1st Cir.2000). Further pretrial detention of McMenimen is no longer justified.

The government does not oppose the relief sought herein.

No memorandum accompanies this motion because it contains supporting authority and because it is unopposed.

WHEREFORE it is respectfully moved that the Court grant said relief and such other and further relief as may be just.

Respectfully submitted,

FREDERICK V. McMENIMEN III
By His Attorney

Date: August 23, 2013                /s/ Bjorn Lange
                                     Bjorn Lange (NHBA #1426)
                                     Assistant Federal Public Defender
                                     Federal Defender Office
                                     The Ralph Pill Building
                                     22 Bridge Street
                                     Concord, NH  03301
                                     603-226-7360
                                     Bjorn_Lange@fd.org


## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2013 the above document was served via electronic filing on AUSA William Morse.

/s/ Bjorn Lange
Bjorn Lange