# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | )   **Case No. 12-CR-00130-SM** |
| **FREDERICK V. MCMENIMEN, III,** | ) |
| | ) |
| **Defendant.** | ) |

## GOVERNMENT'S PARTIALLY ASSENTED TO MOTION FOR COMPETENCY HEARING, FINDING OF COMPETENCE AND TRIAL DATE

The United States of America, by John P. Kacavas, United States Attorney for the District of New Hampshire, respectfully moves, pursuant to Title 18, United States Code, Section 4241(e), for a competency hearing, for the entry of a finding that the defendant is competent to stand trial and for the setting of a date to begin trial on or about the commencement of the Court's trial period beginning November 13, 2013.

In support of its motion, the Government submits as follows:

1.     Hearings to determine the defendant's competency were held on May 7, and June 18, 2013, pursuant to Title 18, United States Code, Section 4241.

2.     At the conclusion of the hearing on June 12, 2013, the Court, pursuant to Title 18, United States Code, Section 4241(d), found, by a preponderance of the evidence, that the defendant was not competent to stand trial.

3.     On the same date, the Court committed the defendant to the custody of the Attorney General for hospitalization at a suitable facility for psychiatric and psychological mental health treatment until (subject to statutory limits) his mental health condition improved enough to allow trial to proceed, all pursuant to Title 18, United States Code,

Sections 4241(d)(1) and (2)(A).

4.      From June 12 to August 23, 2013, the defendant was in transit to, or

hospitalized at, the Federal Medical Center at Fort Butner, North Carolina, a suitable

facility for psychiatric and psychological health treatment.

5.      On August 22, 2013, the staff at FMC - Fort Butner made a preliminary

determination that the defendant's competency had been restored.   Based upon that

determination, with the government's assent, the Court released the defendant from the

custody of the Attorney General to allow him to return to this federal judicial district.

6.      On September 11, 2013, Craig Apker, Complex Warden at FMC – Fort Butner,

issued and filed with the Clerk of the Court, pursuant to Title 18, United States Code

Section 4241(e), a certification that the defendant's competency to stand trial had been

restored.   In pertinent part, the certification states that the defendant "is able to understand

the nature and consequences of the proceedings against him and to assist properly in his

own defense."   Certificate of Restoration of Competency to Stand Trial.   The filing of

this certificate triggers a statutory requirement that the Court hold a hearing to determine

the defendant's competency.   See 18 U.S.C. § 4241(e).

7.      Warden Apker's letters accompanying the certificate include similar

statements affirming the defendant's competence.   Letter to Court from Warden Apker

dated September 11 ("In the opinion of his evaluators, Mr. McMenimen is now competent

to stand trial.   He is not suffering from a mental disease or effect to the extent he is unable

to understand the nature and consequences of the proceedings … or assist properly in his

defense.");   Letter to Clerk of Court from Warden Apker dated September 11, 2013 ("Mr.

McMenimen is now competent to stand trial.").

8.      Finally, the Forensic Evaluation from the Mental Health Department at FMC –
Fort Butner dated September 16, 2013, which also accompanied Warden Apker's
certification, describes the basis for Warden Apker's conclusion that the defendant is fit for
trial.   For example, the Mental Health Department staff noted that while they could not
assess the merit of his defenses, the positions the defendant expressed with respect to his
legal case were "plausible and reality based with no evidence of delusionality or other
bizarre thought processes."   Forensic Evaluation dated September 16, 2013, p. 10.   In
later interviews, according to the staff, the defendant demonstrated calm and continued to
provide "reality based" responses without evidence of delusionality, cognitive impairment
or significant depression.   Id., at pp. 12, 16.   The defendant was focused and exhibited no
disordered through processes or content.   Id. at p. 12.   Accordingly to the Mental Health
Department staff, the defendant's prior psychotic symptoms appeared to be in complete
remission at the current time, attributable in part to the beneficial effects of his course of
prescribed psychotropic medication.   Id., at pp. 13-14

9.      With regard to the defendant's prognosis, the report concluded that the types
of mental health conditions from which the defendant suffers can normally be managed
effectively with outpatient mental health treatment to provide appropriate psychotropic
medication and supportive therapy, with short term hospitalizations as clinically indicated.
Id. at 14.

10.      McMenimen himself reported that his symptoms are in remission, which was
consistent with his clinical presentation and his activity while institutionalized.   Id.   Also,

according to the evaluation, on August 8, the defendant stated that he was "ready to take on the fight to take his legal case to trial."   Id. at p. 8.   About a week later, on August 14, the defendant stated that he was taking an active role in making decisions about his legal case, a statement that was consistent with the defendant's written communications on the inmate e-mail system.   Id. at pp. 9-10.   On August 22, 2013, the defendant reaffirmed his intention to "work with his defense counsel to gather and present evidence to challenge the government's position."   The defendant reported that he believes his medication is effective, without significant side effects, and that he intends to continue to self-administer his medication going forward.

11.     The defendant demonstrated a clear and substantially accurate understanding of the roles of the various participants in a criminal trial, the nature of the charges pending against him and the potential consequences of the charges.   Id. at pp. 14-15.   He also showed accurate working understandings of the right against self-incrimination and the concepts of pleading guilty, perjury, competency and the insanity defense. Id. at pp. 15-16. Finally, the defendant exhibited functional understandings of the difference between bench trials and jury trials, the rules of evidence and the concept of admissibility of evidence. Id. at p. 16

12.     In closing, the Forensic Evaluation report noted:

> In the opinion of the [defendant's] primary evaluator, Mr. McMenimen does not suffer from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense.   Therefore, he is viewed as competent to stand trial because his mental condition has so improved that the proceedings may go forward.

*     *     *

Mr. McMenimen may be returned to court for further legal
Proceedings.

<u>Id</u>. at p. 16.

13.     The government submits that the above, pursuant to Title 18, United States
Code, Section 4241(e), is sufficient to trigger the requirement of a competency hearing and
to establish by a preponderance of the evidence that "the defendant has recovered to such
an extent that he is able to understand the nature and consequences of the proceedings
against him."   18 U.S.C. § 4241 (e).

14.     The Court is therefore required to set a date for trial.   18 U.S.C. § 4241(e).
Before several lengthy continuances attributable to requests from the defendant and the
defendant's incompetency, the trial in this case was set for December 11, **2012**.   At least
one of the continuances came on the brink of trial so the parties should already have a very
substantial head start on their trial preparations.   In addition, the victims of the defendant's
fraud, who are also expected to be important witnesses in the government's case in chief,
are elderly.   Their lives have been significantly – and by all appearances irreparably --
harmed by the defendant's offenses and they are quite understandably anxious to see
justice done with any further unnecessary delay.   Also, it is important to hold this long
continued trial as soon as possible so that the trial can be completed before the memories of
those elderly but important witnesses are diminished.

15.   For all the reasons described herein, the government requests that the Court schedule a competency hearing as soon as possible, issue an order finding that the defendant is competent and set a trial date for the first available date during the trial period beginning on November 13, 2013.

16.   The defendant assents to the relief herein except for the proposed trial date. The grounds the defendant provided in opposition to the government's proposed trial date are that he needs additional time to prepare and that he has another trial scheduled on November 5, 2013 (United States v. Joubert, Case No. 12-Cr.-142-01-JL).

WHEREFORE, the government respectfully requests that the Court schedule a competency hearing, enter a finding that the defendant is competent to stand trial and set a date to begin trial on or about the commencement of the Court's trial period beginning November 13, 2013.

Dated: September 17, 2013                        Respectfully submitted,

                                                JOHN P. KACAVAS
                                                United States Attorney

                                        By:     /s/ William E. Morse
                                                William E. Morse
                                                 Assistant United States Attorney
                                                Bar No. 421934 (D.C.)
                                                United States Attorney's Office
                                                53 Pleasant Street, 4th floor
                                                Concord, New Hampshire    03301
                                                (603) 225-1552

**CERTIFICATE OF SERVICE**

I, hereby certify, that a copy of the foregoing has been served upon all counsel of record through the electronic filing system.

                                                /s/ William E. Morse
                                                Assistant United States Attorney