UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 12- Cr-130-01-SM |
| V. ) | |
| ) | |
| FREDERICK V. McMENIMEN III ) | |

**DEFENDANT'S MOTION IN LIMINE ON ATTORNEY EVIDENCE**

Defendant Frederick V. McMenimen III respectfully moves through counsel that the Court rule prior to the commencement of trial that the government shall not offer as part of its case-in-chief testimony or other evidence from either Attorney Mark Sullivan or Attorney William Corbett. Grounds follow.

The pending indictment charges that McMenimen committed multiple counts of Mail Fraud, Interstate Transportation of Stolen Property, Money Laundering, and Federal Income Tax Evasion.

**A. Pertinent Facts**

The government conducted a wide-ranging investigation in this case. Included in discovery provided to the defense are reports of interviews of Attorney Mark Sullivan and Attorney William Corbett. Sullivan represented McMenimen, as well as his father, in various civil matters. Corbett represented McMenimen in <u>Passatempo et al v. Frederick V. McMenimen III and Barry G. Armstrong</u>, Suffolk County (Massachusetts) Superior Court, Civil Action No. 06-0205, and related proceedings, as well as in a Financial Industry Regulatory Authority (FINRA) matter.

According to discovery, on February 20, 2014 counsel for the government and two investigative agents spoke on the telephone to Attorney Corbett about his representation of

1

McMenimen. There is no indication that they sought or that Corbett provided any sort of attorney-client waiver. McMenimen has never authorized Corbett to discuss with anybody anything arising out of their attorney-client relationship. Nonetheless Corbett reportedly discussed with the government his representation of McMenimen in the Pasatempo case and statements McMenimen communicated to him as part of their attorney-client relationship.

Also according to discovery, on February 18, 2014 counsel for the government and two investigative agents interviewed Attorney Sullivan at the United States Attorney's Office in Concord, New Hampshire. Sullivan told them that he represented McMenimen in four or five civil matters and that he represented McMenimen's father in the purchase and sale of a beach home, proceeds from the sale of which the father used to purchase a bar in Georgetown, Massachusetts   There is no indication that they sought or that Sullivan provided any sort of attorney-client waiver. McMenimen has never authorized Sullivan to discuss with anybody anything arising out of their attorney-client relationships. Nonetheless, Sullivan reportedly discussed with his interlocutors information covered by attorney-client confidentiality, including the source of e-mails sent by Sullivan to an opposing party and McMenimen's interactions with his father, including an annuity set up for his father and their involvement with the Georgetown bar. Sullivan reportedly opined about documents he claimed to have never seen during his representation of McMenimen and about his character.

**B. The Court should bar testimony by McMenimen's former attorneys during the government's case-in-chief.**

Rule 501 of the Rules of Evidence provides that in the trial of this case the common law, "as interpreted by United States courts in the light of reason and experience," governs claims of privilege. The Supreme Court has long recognized that the attorney-client privilege applies in federal proceedings. United States v. Zolin, 491 U.S. 554, 562 (1989). It is "the oldest of the

privileges for confidential communications known to the common law." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). The privilege extends to any confidential communications between attorney and client made in the course of lawful representation. Vicor Corp. v. Vigilant Ins. Co., 674 F.3d 1, 17 (1st Cir.2012)(citing cases). In addition, absent waiver by the client, the concomitant work product doctrine protects from disclosure by his or her counsel's "mental impressions, conclusions, opinions, or legal theories" developed during the attorney-client relationship. Vicor Corp., 674 F.3d at 18, quoting In Re Grand Jury Subpoena, 220 F.R.D. 130, 145 (D. Mass. 2004).

Local Rule 83.5, DR-1 provides that the standards for professional conduct adopted by this Court are the Rules of Professional Conduct as adopted by the New Hampshire Supreme Court (NHRPC). Those rules define confidentiality to include all information "relating to the representation of a client." Rule 1.6 of the NHRPC states:

(a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by paragraph (b).

(b) A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:

> (1) to prevent reasonably certain death or substantial bodily harm or to prevent the client from committing a criminal act that the lawyer believes is likely to result in substantial injury to the financial interest or property of another;  or
> (2) to secure legal advice about the lawyer's compliance with these Rules;  or
> (3) to establish a claim or defense on behalf of the lawyer in controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
> (4) to comply with other law or a court order.

In this district an attorney's duty to preserve the confidentiality of any information relating to the representation of a client explicitly continues after the representation ends. NHRPC Rule 1.9 (c) provides:

> A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
> (2) **reveal information relating to the representation except as these Rules would permit or require with respect to a client.**

(emphasis added)

The Attorney Sullivan and Attorney Corbett provided information to the government in contravention of the aforementioned Rules of Professional Conduct. Their relationship with McMenimen arises from the attorney client relationship and the information provided was derived from the attorney client relationship. Neither the government nor the attorneys sought or obtained a waiver from McMenimen prior to these interviews which, in actuality, took place without McMenimen's knowledge.

The Court should not allow the government to call McMenimen's former attorneys as witnesses against him. Additionally, the Court should not allow any evidence gathered from the interviews to be introduced at trial as any such information would be the fruit of an unauthorized breach of the attorney client relationship. The Rules of Evidence and the Rules of Professional Conduct continue to bar their disclosing to anybody any information relating to their representation of him, unless he waives that privilege. To this point he has not done so.

No memorandum accompanies this motion because it contains supporting authority.

The government opposes the relief sought herein.

WHEREFORE, it is respectfully moved that the Court grant said relief and such other and further relief as may be just.

       Respectfully submitted,

       FREDERICK V. McMENIMEN III

       By His Attorneys,

Date: October 16, 2014

       /s/ Bjorn Lange
       Bjorn Lange (NHBA #1426)
       Assistant Federal Public Defender
       Federal Defender Office
       The Ralph Pill Building
       22 Bridge Street
       Concord, NH 03301
       603-226-7360
       Bjorn Lange@fd.org


       /s/ William E. Christie
       William E. Christie
       Shaheen & Gordon (Concord)
       107 Storrs St
       PO Box 2703
       Concord, NH 03302-2703
       603 225-7262
       wchristie@shaheengordon.com


CERTIFICATE OF SERVICE

    I hereby certify that on October 16, 201 the above document was served via ECF on all counsel of record.

       /s/ Bjorn Lange