UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 12- Cr-130-01-SM |
| V. ) | |
| ) | |
| FREDERICK V. McMENIMEN III ) | |

## DEFENDANT'S MOTION FOR PRETRIAL SUBPOENA DUCES TECUM

Pursuant to Fed. R. Crim. P. 17(c) (providing, in part, for pretrial production of subpoenaed items), defendant Frederick V. McMenimen III respectfully moves through counsel for an order allowing defendant to serve the attached subpoena for production or inspection of documents on or before November 3, 2014, the day before jury selection.   The attached subpoena is addressed to:

> Keeper of Records
> Prudential Insurance Company
> c/o Nukk-Freeman & Cerra, P.C.
> 636 Morris Turnpike, Suite 2 F
> Short Hills, New Jersey 07078

Grounds follow.

Returned on October 3, 2012, the pending indictment charges that McMenimen, an experienced financial consultant and financial planner employed from about September 3, 2007 to October 7, 2011 at the Portsmouth, New Hampshire office of Prudential Insurance, committed multiple counts of Mail Fraud, Interstate Transportation of Stolen Property, Money Laundering, and Federal Income Tax Evasion.

Rule 17( c) of the Rules of Criminal Procedure, McMenimen's Fifth Amendment right to due process, and his Sixth Amendment rights to compulsory process and to present a defense support the relief sought herein.   The standards that this Court must apply in evaluating a motion for a Rule 17( c) subpoena for pre-trial production of documents and objects are well established.

The moving party must show

    (1) that the documents are evidentiary and relevant;
    (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;
    (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and
    (4) that the application is made in good faith and is not intended as a general "fishing expedition."

United States v. LaRouche Campaign, 841 F.2d 1176, 1179 (1st Cir. 1988) (quoting United States v. Nixon, 418 U.S. 683, 699-700, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974)). The subpoena sought herein meets those criteria.

    A key issue at trial will be whether payments allegedly made between August of 2009 and October of 2011 by alleged victims Susan Wagstaff, Janet Beals, and Patricia Mekshes to McMenimen, or to entities under his control, were deferred compensation for services he previously rendered to them or were any such payments procured by fraud. The defense has sought from Prudential evidence relevant to that question, including copies of anything in its records referencing any agreements between McMenimen and the alleged victims regarding services he rendered to them independent of his actions as an agent of Prudential, including providing estate planning and other financial advice to the alleged victims. Discovery and investigation indicate that McMenimen kept in his Prudential office in Portsmouth, New Hampshire files which included information about clients for whom he had provided financial services prior to his employment at Prudential, that those files remained in that office when he left his employment on or around August 5, 2011, and that not all of McMenimen's non-Prudential files were returned to him.

    During McMenimen's employment at Prudential supervisory personnel conducted monthly

and quarterly compliance audits at his Portsmouth office. They had full access to anything in his desk, filing cabinets, or computer(s), including hand-written "fact finders" which McMenimen was required to generate whenever a client purchased a new financial product. Upon information and belief, the compliance auditors memorialized their reviews of McMenimen's files. Prudential should still have custody of any records of those audits and of McMenimen's fact-finders. To prepare for trial the defense must obtain and inspect any such records to determine if they reference McMenimen's non-Prudential contacts with any of the alleged victims.

It is understood that any personal identifying information contained in any records submitted by Prudential in response to the subpoena sought herein shall not be disclosed by any party in this case except with the prior authorization of the Court. See Order of October 10, 2012 and Docket Entry 7.

No memorandum accompanies this motion because it includes supporting authority.

The government takes no position on this motion at this time.

WHEREFORE it is respectfully moved that the items designated in the attached subpoena be produced on or before November 3, 2014.

                                                                                 Respectfully submitted,

                                                                                 FREDERICK V. McMENIMEN III
By His Attorney

Date: October 19, 2014                    /s/ Bjorn Lange
                                                 Bjorn Lange (NHBA #1426)
                                                 Assistant Federal Defender
                                                 Federal Defender Office
                                                 The Ralph Pill Building
                                                 22 Bridge Street
                                                 Concord, NH   03301
                                                 603-226-7360
                                                 Bjorn_Lange@fd.org

## **CERTIFICATE OF SERVICE**

  I hereby certify that on October 19, 2014 above document was served vial ECF on all counsel of record and a copy e-mailed to counsel for Prudential Insurance.

                    /s/ Bjorn Lange