UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>FREDERICK V. MCMENIMEN, III, )<br>)<br>DEFENDANT ) | No. 1:12CR00130-1-SM |

### GOVERNMENT'S SENTENCING MEMORANDUM AND RECOMMENDATION

The United States of America, by John P. Kacavas, United States Attorney for the District of New Hampshire, hereby submits its sentencing memorandum and recommends a sentence that includes a term of imprisonment of forty-two months, stating as follows:

I.  PROCEDURAL BACKGROUND

On October 3, 2012, a grand jury returned an indictment charging the defendant with five counts of Mail Fraud in violation of 18 U.S.C. § 1341, twelve counts of Interstate Transportation of Fraudulently Taken Property in violation of 18 U.S.C. § 2314, nine counts of Money Laundering in violation of 18 U.S.C. § 1957 and three counts of Income Tax Evasion in violation of 26 U.S.C. § 7201. On October 31, 2014, five days before the most recent trial date (and after multiple motions for continuances on the brink of earlier trial dates), the defendant entered into a plea agreement with the government and plead guilty to one count of Mail Fraud (Count 4), one count of Money Laundering (Count 27), and three counts of Tax Evasion (Counts 29 through 31). The

Court accepted the defendant's plea but deferred accepting the sentencing stipulations in the plea agreement, including the binding stipulation of forty-two months incarceration, until the sentencing hearing.

Sentencing is scheduled for February 11, 2015.  The government has satisfied all of its statutory victim notice requirements.

II.     SENTENCING GUIDELINE CALCULATION

"Although the Sentencing Guidelines are now advisory rather than mandatory, district courts are still required to 'begin all sentencing proceedings by correctly calculating the applicable Guidelines range.' Only after a court has correctly calculated the applicable GSR and evaluated the factors set out in 18 U.S.C. § 3553(a) can it properly exercise its discretion to sentence a defendant within or outside the applicable Guidelines range."  United States v. Milan-Isaac, 759 F.3d 57, 66 (1st Cir.  2014) quoting Gall v. United States, 552 U.S. at 38, 49 (2007).   It is therefore necessary to apply the guidelines and evaluate the defendant's objections to the guidelines objectively and in good faith, even if doing so will result in a guideline sentencing range further from the parties' jointly recommended term of incarceration.

The probation officer has applied the sentencing guidelines properly and the government concurs fully in the Offense Level and Criminal History calculations and the 63 to 78 month sentencing guideline range reflected in the presentence report.  The probation officer appropriately limited the defendant's credit for acceptance of responsibility under Section  § 3E1.1 to two points as the government has reasonably declined to move for a third point on the ground that the defendant's plea was not timely.

Case 1:12-cr-00130-SM Document 85 Filed 02/06/15 Page 3 of 7

The defendant's objection cannot be sustained.

Section 3E1.1 of the sentencing guidelines, titled "Acceptance of Responsibility," provides in its entirety:

> (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by **2** levels.
>
> (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level **16** or greater, and <u>upon motion of the government</u> stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by **1** additional level.

U.S.S.G. § 3E1.1. The probation officer correctly applied Section 3E1.1 by crediting the defendant with a two level downward adjustment under subsection (a) but declining to credit him the additional level available under certain circumstances under subsection (b).

The government does not dispute the defendant's entitlement to the two level reduction of his Offense Level pursuant to subsection (a) but concurs with the probation officer's determination that he is not entitled to the additional one point reduction under subsection (b) on the ground that the government has not filed a motion for such an additional reduction. According to the First Circuit, the filing of a motion by the government is the "touchstone" of § 3E1.1(b) and the government has "unbridled." and "nearly unfettered" discretion in determining whether to file one. <u>United States v. Beatty</u>, 538 F.3d 8, 14, 16 (1st Cir. 2008). Only where the defendant makes a showing that government has withheld a motion for a constitutionally impermissible reason (e.g., on

Page 3 of 7

the basis of the defendant's race or religion) or where the decision is not rationally related to some legitimate government end.  Id.

Here the government has not filed a motion for the third point.  It will not do so, because the defendant waited until the brink of trial to plead guilty (not to mention the multiple prior occasions where the defendant moved for continuances shortly before trial).  Thus the government cannot truthfully make the required representation that the defendant's plea "permit[ed] the government to avoid preparing for trial" and "to allocate its resources efficiently."  The government's principal end in withholding the required motion is is to satisfy its professional and moral obligations of candor to the Court. Secondarily, the government's objective in withholding a motion for the extra point in this case is to adhere to a policy that discourages and provides a disincentive to defendants to delay pleading guilty until after the government has substantially prepared its cases for trial.  In any event, the defendant has offered no showing of any improper purpose, which is his burden to carry.  The probation officer was therefore correct in not apply the third point under § 3E1.1(b) and the defendant's objection on the issue must be overruled.

III.   SENTENCING RECOMMENDATION

The government recommends a variant sentence of forty-two months.  The defendant's offenses are very serious and the defendant's history and background certainly would not normally call for a variant sentence.  A variant sentence is nonetheless appropriate here due to certain extenuating circumstances in this case which

were not adequately taken into consideration by the Sentencing Commission in formulating the federal sentencing guidelines.

The defendant's decision to plead guilty has relieved the defendant's victims (and certain of their family members) from many of the burdens and unpleasantries of testifying at trial.  While the same can be said of a guilty plea in any case involving identifiable victims, unusual circumstances surrounding the victims in this case will require them to endure unusual hardships if the case goes to trial.  The three victims in this case are all elderly widows, each of whom had once considered the defendant not only a trusted and faithful advisor but a close friend.  Illustrating the extraordinarily relationships the victims reposed in the defendant, one victim until recently adhered to the position that she "cared more for [the defendant] than about what happened to [her] money," which amounted to several hundred thousand dollars and most of her life savings.  In addition to the adverse financial consequences of the defendant's crimes, the defendant's offense conduct constituted betrayals that inflicted upon each of the victims significant emotional injuries.

Also, the daughter of one of the victims was particularly disturbed by the defendant's betrayal because she introduced the defendant to her mother and therefore felt responsible for her mother's loss of virtually her entire life savings, in her case amounting to nearly a million dollars.  The daughter – a likely trial witness – is so upset that she has been obtaining psychological treatment to help her deal with her guilt and her feelings of betrayal.  In addition, one victim had additional significant worries about testifying because her testimony would likely have required public disclosure of "secret"

information about her financial activities.  (The government is prepared to elaborate on this at sidebar at sentencing, if necessary.)

The government recognizes that the emotional frailties and other victim circumstances it asserts as supporting its sentencing recommendation paradoxically also weigh in favor of a longer sentence to fully "reflect the seriousness of the offenses" and to "provide just punishment."  Nonetheless, in balancing those objectives against the seemingly competing interest of protecting the victims from further harm, the government believes that – under the circumstances -- the victims' interests prevail.

While all three victims are fully prepared to testify, none of them were relishing the prospect and two, without solicitation, informed the government during trial preparation that they preferred to not testify and were hoping for a non-trial disposition of the case.  Before entering into its plea agreement with the defendant, the government consulted with all three of the defendant's victims, each of whom expressed their agreement to and satisfaction with the plea terms ultimately reflected in the plea agreement, including a prison sentence of forty-two months.  In anticipation of a non-trial disposition of the case, two of the victims expressed significant relief when informed that a plea agreement had been reached.

The government also notes that the variant sentence it is recommending will allow the defendant to begin making meaningful restitution payments than a sentence that adheres strictly to the guidelines.  That benefit is especially significant in this case because the defendant will likely retain a substantial income earning capacity even after his release from incarceration.  Finally, approving the plea agreement will, for all

practical purposes, end this litigation. The victims in case will be able to finally close the book on this very unfortunate chapter in their lives.

## V. CONCLUSION

WHEREFORE, the government respectfully requests that the Court overrule the defendant's objection to the sentencing guideline range and adopt the probation officer's sentencing guideline calculations but impose a variant sentence that includes forty-two months of incarceration.

Date: February 6, 2015

Respectfully submitted,

JOHN P. KACAVAS
United States Attorney

By: /s/William E. Morse
William E. Morse
Assistant United States Attorney
Bar No. 421934 (D.C.)
53 Pleasant St., 4TH Floor
Concord, New Hampshire 03301
(603) 225-1552

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Appearance was served via ECF to Bjorn R. Lange, Esquire, and William E. Christie, Esquire, counsel for the Defendant.

/s/ William E. Morse
William E. Morse
Assistant U.S. Attorney